**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Griswold, an individual,           )<br>                                                        )<br>                        Plaintiff,         )<br>                                                        )<br>vs.                                                    )<br>                                                        )<br>City of Tempe, a municipality of the State)<br>of Arizona; *et al.*,                           )<br>                                                        )<br>                        Defendants.    )<br>                                                        )<br>                                                        ) | No. CV-10-2175-PHX-LOA<br><br>**ORDER** |

This case arises on the Partial Motion to Dismiss by Defendants City of Tempe, Matt Murray, Dan Fonseca, Frank J. Reed, Todd Foster, Michael Kominska (collectively "Tempe Defendants"). (Doc. 5) After review of Plaintiff Nancy Griswold's ("Plaintiff") Response in opposition, doc. 12; the Tempe Defendants' Reply, doc. 14; and the relevant law, the Court concludes that the Tempe Defendants' Motion is well-taken and will be granted. The Court will also grant *sua sponte* Plaintiff leave to amend her Complaint. If Plaintiff does not file a timely amended complaint by the deadline, the Clerk of Court will remand this action back to the Maricopa County Superior Court.

**I. Background**

This § 1983 action for damages arises out of a dog fight that occurred in front of Plaintiff's Tempe, Arizona residence on May 17, 2009. (Doc. 1-1, Exhibit ("Exh") A at 2-8) Plaintiff claims she was kicked in the head several times by non-party Byron James Pierce who was trying to break up the dog fight. (*Id*., ¶ 10 at 3) Suit was initially filed in the

Maricopa County Superior Court, State of Arizona, on May 14, 2010 and removed to this District Court on October 12, 2010. (Doc. 1) Federal subject-matter jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 and supplemental jurisdiction exists over Plaintiff's state law negligence claims pursuant 28 U.S.C. § 1367. Plaintiff and the Tempe Defendants have expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 7, 9)

**A. Allegations**

The Complaint alleges that on May 17, 2009, Byron and Joanne Pierce[1] were walking their two leashed dogs when they entered upon Plaintiff's driveway to interact with another smaller dog owned by Plaintiff. (Doc. 1-1, Exh A, ¶ 12 at 4)  Plaintiff was outside standing in her driveway and watching her unleashed dog. At approximately that time, Plaintiff's mentally handicapped child opened the front door and allowed Plaintiff's other dog, "Pinto," to run out of Plaintiff's residence. (*Id.,* ¶¶ 13-14)  When Pinto ran outside, the Pierces attempted to pull their dogs away from him but Pinto bit one of the Pierces' dogs. (*Id.,* ¶ 15)  Byron Pierce "kicked at Pinto and kicked Plaintiff in the head as [Plaintiff] was on the ground. [Plaintiff] yelled at him to stop kicking her. Byron continued to kick Plaintiff until she became unconscious." (*Id.,* ¶¶ 16-17) The Tempe Police and Fire Departments were called. The Tempe Defendants and the EMS Defendants arrived at the scene.

The Complaint claims that Plaintiff's daughter, Cristy Griswold, informed the Tempe Defendants that Plaintiff had lost consciousness, was disoriented, and she "begged" them to take Plaintiff to the hospital but they "did nothing to provide any medical care and treatment" to Plaintiff. (*Id.,* ¶¶ 21-22 at 5) Plaintiff further contends that the Tempe Defendants' failure to provide Plaintiff with emergency medical care and treatment at the scene and transport her to a hospital emergency room "caused her injury, delayed her treatment and worsen[ed] her injuries and recovery." (*Id.,* ¶ 24)

---

[1] The Complaint refers to the Pierces as "Defendants" but they have not been named as defendants in this action. (Doc. 1-1, Exh A, ¶¶ 12, 14 at 4)

- 2 -

1   Plaintiff alleges in Count One that, *inter alia*, the Tempe Defendants violated
2   Plaintiff's civil rights under the Fourteenth Amendment to United States Constitution by
3   failing to provide her with adequate and necessary medical care and treatment, were
4   deliberately indifferent to Plaintiff's serious medical needs, and are liable to Plaintiff
5   pursuant to Title 42 U.S.C. § 1983 for compensatory and punitive damages and Plaintiff's
6   attorney's fees pursuant to Title 42 U.S.C. § 1988(b). (*Id.,* ¶¶ 27-29, 33-36)

7   Plaintiff also alleges that Defendant City of Tempe ("City") "maintains a
8   custom, policy, practice and/or procedure of deliberate indifference to medical care of
9   individuals who have had prior dealings with the police department . . . ." and "failed to
10  properly trained and/or supervise [Officer Murray] in providing proper medical care and
11  treatment to persons who have a brain injury and/or concussion . . . ." (*Id.,* ¶¶ 31-32)

### B. Partial Motion to Dismiss

13  The Tempe Defendants move to dismiss Plaintiff's § 1983 action for failure
14  to state a claim under Rule 12(b)(6), Fed.R.Civ.P., because the Fourteenth Amendment does
15  not require them to provide medical care and treatment to Plaintiff when she was not in their
16  custody at the time she was kicked by Mr. Pierce. (Doc. 5 at 1-2)  The Tempe Defendants
17  point out that the Complaint does not allege a "special relationship" existed between Plaintiff
18  and the Tempe Defendants (i.e., she was in their custody) or the Tempe Defendants'
19  affirmative actions placed Plaintiff in greater danger than she was in when they first
20  encountered her. (Doc. 14 at 1-2)  The Tempe Defendants rely upon *Weeks v. Portage Co.*
21  *Executive Offices*, 235 F.3d 275 (6th Cir. 2000) and distinguish the Ninth Circuit authority
22  cited by Plaintiff, *viz.*, *Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997); *L.W.*
23  *v. Grubbs*, 974 F.2d 119 (9th Cir. 1992) and *Wood v. Ostrander*, 879 F.2d 583 (9th Cir.
24  1989).

25  The City also seeks dismissal of Plaintiff's allegations that the City maintains
26  a custom, policy, practice and/or procedure of deliberate indifference to medical care alleged

- 3 -

1  in Count One[2] because it "can only be held liable for a (sic) having a custom, policy, or
2  procedure that lead (sic) to a constitutional violation if in fact there was an underlying
3  violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992) (stating that a
4  deprivation of a constitutional right is necessary prior to a finding of liability on a
5  municipality)." (Doc. 5 at 6)

6  Plaintiff responds that "[t]he Tempe Defendants owed Plaintiff the
7  constitutional duty to provide her medical care and treatments (sic) because they stopped her,
8  interrogated her, were aware of her medical condition, started to provide her medical care
9  and treatment, and then with deliberate indifference to her situation, knowingly walked away
10 from her without providing medical care and treatment to her even though they knew she had
11 lost consciousness, had facial injuries, was 'disoriented' and did not know what was going
12 on." (Doc. 12 at 1-2) She argues that "[i]t is undisputed that if Plaintiff was in custody while
13 Officer Murray conducted his investigation, he owed a constitutional duty to provide her
14 medical care and treatment." (*Id.* at 7) Alternatively, Plaintiff argues that because the
15 Tempe Defendants "took affirmative acts" toward Plaintiff, the affirmative action exception
16 applies. (*Id.*) "After police and paramedics were called to the scene, Officer Murray
17 conducted an investigation and questioned Plaintiff at the scene. He was conducting a
18 criminal investigation in which Plaintiff was the alleged perpetrator (dog at large)." (*Id.*)

19 Plaintiff's Response does not address the City's request for dismissal of
20 Plaintiff's claims that the City maintains a custom, policy, practice and/or procedure of
21 deliberate indifference to the medical care of individuals who have had prior dealings with
22 the City's police department.

23 **II. Rule 12(b)(6), Fed.R.Civ.P.**

24 In a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6),

---

[2] The Complaint alleges the City "has a history of and/or maintains a custom, policy, practice and/or procedure of deliberate indifference to medical care and treatment of individuals who have had prior dealings with the police department . . . ." (Doc. 1-1, Exh A, ¶ 31 at 6)

- 4 -

1  the district court considers the legal sufficiency of a plaintiff's claims. Dismissal for failure
2  to state a claim can be based on either the "lack of a cognizable legal theory or the absence
3  of sufficient facts alleged under a cognizable legal theory." *Balistren v. Pacifica Police*
4  *Department*, 901 F.2d 696, 699 (9th Cir. 1990). In a Rule 12(b)(6) motion to dismiss "all
5  factual allegations set forth in the complaint are taken as true and construed in the light most
6  favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001)
7  (citation and internal quotation marks omitted). The district court, however, is not required
8  to accept every conclusion asserted in the complaint as true; rather, the court "will examine
9  whether conclusory allegations follow from the description of facts alleged by the plaintiff."
10 *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan*
11 *American World Airways, Inc*., 674 F.Supp. 782, 785 (C.D.Cal. 1986)).

12            Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a
13 short and plain statement of the claim showing that the pleader is entitled to relief." Rule
14 8(a)(2), Fed.R.Civ.P.  While Rule 8 does not demand detailed factual allegations, "it
15 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
16 *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the
17 elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.
18 In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
19 requires more than labels and conclusions, and a formulaic recitation of a cause of action's
20 elements will not do. Factual allegations must be enough to raise a right to relief above the
21 speculative level on the assumption that all the allegations in the complaint are true . . . ."
22 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations and emphasis
23 omitted).

24            "[A] complaint must contain sufficient factual matter, accepted as true, to
25 'state a claim to relief that is plausible on its face.'" *Iqbal*, 125 S.Ct. at 1949 (quoting
26 *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content
27 that allows the court to draw the reasonable inference that the defendant is liable for the
28 misconduct alleged." *Id*.  "Determining whether a complaint states a plausible claim for

- 5 -

1  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
2  experience and common sense." *Id.* at 1950.

3  The Ninth Circuit has instructed district courts to grant leave to amend, *sua*
4  *sponte*, when dismissing a case for failure to state a claim, "unless the court determines that
5  the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*,
6  203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted); *Gompper v. VISX, Inc.*, 298 F.3d 893,
7  898 (9th Cir. 2002) ("'Dismissal without leave to amend is improper unless it is clear, upon
8  de novo review, that the complaint could not be saved by any amendment.'") (quoting *Polich*
9  *v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)).

10 **III. Fourteenth Amendment**

11 Title 42 U.S.C. § 1983 does not create any substantive rights. Rather, it
12 provides a vehicle for vindicating federal rights conferred elsewhere. *Alright v. Oliver*, 510
13 U.S. 266 (1994). Section 1983 allows individuals to recover damages and other relief for
14 deprivations of constitutional rights that occur under color of state law. *Parratt v. Taylor*, 451
15 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-
16 31 (1986).

17 The Due Process Clause of the Fourteenth Amendment provides that "[n]o
18 State shall . . . deprive any person of life, liberty, or property, without due process of law."
19 U.S. Const., 14th Amend., § 1; *Ingraham v. Wright*, 430 U.S. 651, 672 (1977) ("The
20 Fourteenth Amendment prohibits any state deprivation of life, liberty, or property without
21 due process of law."). "It is well established that the Constitution protects a citizen's liberty
22 interest in his own bodily security from state action without the due process of law." *Kennedy*
23 *v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006) (citing *Ingraham*, 430 U.S. at
24 673-74). "The Clause is phrased as a limitation on the State's power to act, not as a guarantee
25 of certain minimal levels of safety and security." *DeShaney v. Winnebago County Dept. of*
26 *Soc. Serv.*, 489 U.S. 189, 195 (1989). "[A] State's failure to protect an individual against
27 private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197.
28 The Supreme Court has held that mere negligence or lack of due care by state

- 6 -

officials does not trigger the protections of the Fourteenth Amendment and therefore does not state a claim under § 1983. *Daniels*, 474 U.S. at 330-32; *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

Federal courts recognize two exceptions to this bright-line rule. First, the Ninth Circuit has recognized the "state-created danger" exception in several cases. In *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990), a police officer stopped a car, arrested the driver for drunk driving, impounded the car, and left the female passenger stranded alone in a high crime area. The passenger was raped. The Ninth Circuit found that a jury presented with these facts could find that the police officer acted with deliberate indifference to Wood's interest in personal security under the Fourteenth Amendment. Subsequently, other Ninth Circuit cases have further defined the state-created danger exception. *L.W. v. Grubbs*, 974 F.2d 119 (9th Cir. 1992) (holding that state employees could be liable under the state-created danger exception for the rape of a registered nurse assigned to work alone in the medical clinic of a medium security prison with a known, violent sex offender after being assured that she would never work alone); *Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997) (state-created danger exception claim viable where police officers who, after finding plaintiff in grave need of medical care on his front porch, cancelled a 911 call for paramedics, put him back in his home, and locked him inside his residence); *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082 (9th Cir. 2000) (police officers could be liable under the state-created danger exception for the hypothermia death of a visibly drunk patron dressed in a t-shirt and jeans after officers ejected him from a bar on a bitterly cold night and told him not to drive anywhere); *Kennedy*, 439 F.3d 1055 (9th Cir. 2006) ( a police officer acted with deliberate indifference to an affirmatively created known danger to plaintiff. Here, the police officer informed a known violent neighbor of plaintiff's allegations of child molestation without first warning plaintiff as the officer had promised to do. By informing a violent neighbor about the allegations against plaintiff without warning plaintiff, the police officer placed plaintiff in a danger she otherwise would not have faced. The neighbor shot plaintiff and her

1 husband that night.). In each of these cases, the state made an affirmative act to place the
2 plaintiff in danger or enhanced the danger.

3 Second, the "special relationship" exception applies where a state actor abuses
4 a special state-created relationship with an individual, such as, when a person has been taken
5 into state custody or is involuntarily hospitalized. *Morgan v. Gonzales*, 495 F.3d 1084, 1093
6 (9th Cir. 2007), *cert denied*, 552 U.S. 1186 (2008). "This exception recognizes that
7 individuals have a constitutionally protected right to some minimal level of care and
8 protection where the government's affirmative acts have restricted an individuals ability to
9 act to care for themselves." *Hudson v. City of Salem*, 2009 WL 1227770, * 31 (D.Or. 2009)
10 (citing *DeShaney*, 489 U.S. at 199). The Supreme Court has explained that "when the State
11 takes a person into its custody and holds him there against his will, the Constitution imposes
12 upon it a corresponding duty to assume some responsibility for his safety and general
13 well-being." *DeShaney*, 489 U.S. at 199-200, citing *Estelle v. Gamble*, 429 U.S. 97, 103-104
14 (1976); See also, *Youngberg v. Romeo*, 457 U.S. 307, 310 (1982).

15 **IV. Discussion**

16 The Court agrees with the Tempe Defendants that Plaintiff's Complaint fails
17 to allege sufficient facts to state a plausible § 1983 claim for a violation of Plaintiff's rights
18 under the Fourteenth Amendment. Federal law is clear that police officers and other state
19 officials do not owe a duty to provide medical care or treatment to others unless a special
20 relationship existed between the state actors and plaintiff or the state actors affirmatively
21 created the injuring-causing danger to plaintiff. Plaintiff argues that "[w]hether Plaintiff was
22 in custody at the time she was being questioned by Officer Murray is a factual issue." (Doc.
23 12 at 7) While that may be true in the context of a summary judgment motion, Plaintiff
24 failed to allege this critical fact in her Complaint to state a Fourteenth Amendment claim.

25 The Complaint does not allege or describe a special relationship existed
26 between Plaintiff and the Tempe Defendants or the Tempe Defendants affirmatively created
27 the danger causing or enhancing Plaintiff's injuries such that they are responsible to assume
28 responsibility for her medical care and treatment. A mere failure to provide medical care and

- 8 -

1 treatment is not affirmative conduct. Plaintiff's arguments that the police and paramedics
2 were called to the scene, conducted an investigation, questioned Plaintiff at the scene, and
3 conducted a criminal investigation of Plaintiff for "dog at large," *id*., are unavailing to state
4 a Fourteenth Amendment claim that the Tempe Defendants affirmatively created the danger
5 which caused Plaintiff's injuries. If these allegations were sufficient, the exception to
6 Fourteenth Amendment liability for state police would be greatly expanded beyond current
7 Supreme Court precedent.

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-691 (1978) authorizes direct suits against local governments under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." A municipality will be liable under § 1983 only if "the municipality itself causes the constitutional violation at issue." *Canton v. Harris*, 489 U.S. 378, 385 (1989). In order to assert a *Monell* claim, a plaintiff must establish: (1) a violation of constitutional rights occurred; (2) the existence of a municipal policy or custom; and (3) a causal nexus between (1) and (2). *Id.* at 385-386; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").

Because Plaintiff failed to state a claim for violation of Plaintiff's constitutional rights, the claims against the City of Tempe of (1) maintaining a custom, policy, practice and/or procedure of deliberate indifference to medical care of individuals who have had prior dealings with the police department, and (2) inadequate supervision and training of the Tempe Defendants are baseless and without merit. *City of Canton*, 489 U.S. at 389; *City of Los Angeles*, 475 U.S. at 799; *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996).

Accordingly,

**IT IS ORDERED** that the Partial Motion to Dismiss by Defendants City of

Tempe, Matt Murray, Dan Fonseca, Frank J. Reed, Todd Foster, Michael Kominska, doc. 5, is **GRANTED**. Plaintiff's allegations in Count One that (1) the Tempe Defendants violated Plaintiff's constitutional rights under the Fourteenth Amendment, (2) the City maintains a custom, policy, practice and/or procedure of deliberate indifference to medical care of individuals, and (3) the City inadequately supervised and trained the Tempe Defendants are hereby dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must file an Amended Complaint, consistent with this order, on or before **Friday, January 28, 2011.** If Plaintiff fails to file a timely Amended Complaint by this deadline, the Clerk of Court is hereby directed to remand this action back to the Maricopa County Superior Court for further proceedings.

Dated this 18th day of January, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge